IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **CASE NO:  7:23-cr-3 (WLS-TQL)** |
| : | |
| **ROGER BERNARD PALMORE, Jr.,** : | |
| : | |
| Defendant. : | |

## **ORDER**

On February 21, 2023, Defendant filed a Motion to Suppress (Doc. 21). On March 7, 2023, the Government filed a timely Response (Doc. 28) in opposition thereto. On March 20, 2023, Defendant filed an Unopposed Motion to Continue (Doc. 33) the hearing and the case, which the Court granted (Doc. 34) and continued the trial of this matter to the Court's Valdosta Division August 2023 trial term. Subsequently, on May 24, 2023, the Court held a hearing on Defendant's Motion to Suppress (Doc. 21). (*See* Doc. 43, *Minute Entry*).

At the conclusion of the Motion to Suppress hearing that occurred on May 24, 2023, the Court permitted and instructed the Parties to file their post-hearing briefs. (Doc. 42). Specifically, the Court ordered Defendant to file his post-hearing brief twenty-one (21) days after the transcript of the Motion to Suppress hearing becomes available. Following the filing of Defendant's brief, the Government was given fourteen (14) days to file its response. Thereafter, Defendant would have seven (7) days to file a reply. (Doc. 42). To date, however, the hearing transcript has not been requested or ordered from the Court's court reporter.

As the Parties are aware and as already stated in the Court's prior Order (Doc. 34), the trial of this case has been continued to the Court's Valdosta Division, August 2023 trial term and its conclusion, unless otherwise ordered by the Court. The time lost under the Speedy Trial Act, 18 U.S.C. § 3161, caused by that continuance was excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)-(B).[1]

---

[1] The relevant provisions of the Speedy Trial Act provide:

1

In continuing the trial to the August 2023 term, the Court attempts to consider the time necessary to resolve the Motion to Suppress, as well as time to resolve two other motions filed by Defendant, which are Motion to Dismiss Indictment pursuant to Second Amendment (Doc. 20) and Motion to Dismiss Indictment in accordance with Speedy Trial Act (Doc. 22).[2]

In relation to the current proposed trial term for this case, the Court has again reviewed the record and considered the time necessary to fully resolve the Motion to Suppress, including time: (a) for the hearing transcript, assuming the Parties intend to request the transcript, to be made available on the record, (b) the amended briefing schedule

---

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

   (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

   . . .

      (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

   . . .

   (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

      (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

         (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

         . . .

         (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

[2] At the May 24, 2023 hearing, both Parties informed the Court that they will rest on their briefs as to Defendant's Motion to Dismiss Indictment pursuant to the Second Amendment (Doc. 20) and Motion to Dismiss Indictment in accordance with Speedy Trial Act (Doc. 22).

set forth below, (c) for the Court to enter its decision on the Motion to Suppress once it is actually under advisement by the Court, and (d) reasonably necessary, in the exercise of due diligence, for the Parties' counsel to consider the effect on their respective clients of the Court's decision on the Motion to Suppress, and to engage in negotiations, if desired, or to effectively prepare for trial.

Based upon the Court's review, the Court finds, *sua sponte*, that the post-hearing briefing schedule should be amended and finds further that such review reflects that the ends of justice will be served by continuing the trial of this matter and that such continuance outweighs the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Accordingly, the Court hereby **ORDERS** that:

1. The Court's Order (Doc. 42) is amended as follows:

    a) In the event either Party desires or intends to utilize the hearing transcript in the preparation of its post-hearing brief, the hearing transcript must be requested by close of business on **Tuesday, June 13, 2023**. Once the transcript becomes available, Defendant will have twenty-one (21) days to file a post-hearing brief. Thereafter, the Government shall have fourteen (14) days to file its response. Afterwards, Defendant will have seven (7) days to file its reply.

    b) Counsel may timely move by written motion to extend these dates for good cause or in the interest of justice.

    c) No additional briefs shall be filed without Court approval.

    d) If neither Party orders the referenced transcript by not later than June 13, 2023, unless the time to do so is extended by the Court upon timely written motion, Defendant's post-hearing brief will be due not later than **Tuesday, July 4, 2023**. Government's brief shall be due by **Tuesday, July 18, 2023**, and Defendant's reply shall be due **Tuesday, July 25, 2023**. Thereafter, the Court shall take the pending Motion to Suppress under advisement for final ruling.

3

2. The trial in the above-referenced matter is **CONTINUED** to the Valdosta Division **November 2023** term and its conclusion, or as may otherwise be ordered by the Court.

3. The time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(1)(D) for any delay resulting from the Motion to Suppress, starting with the date of filing such motion through the conclusion of the hearing on, or other prompt disposition of such motion and/or under § 3161(h)(1)(H)[3] for the period of no more than thirty (30) days after the Motion to Suppress is actually under advisement by the Court.

4. Furthermore, the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and/or (b) would deny Counsel for the Parties the reasonable time necessary, in the exercise of due diligence, to consider the effect of the Court's decision on the Motion to Suppress on their respective clients and to engage in negotiations or effectively prepare for trial. See 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 9th day of June 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] Section 3161(h)(1)(H) excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."

4