IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | |
| : | Case No.: 7:23-CR-3 (WLS-TQL-1) |
| ROGER BERNARD PALMORE, JR., : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Before the Court is Defendant's Motion to Dismiss Indictment pursuant to the Second Amendment (Doc. 20), filed on February 21, 2023. Thereafter, the Government timely filed its Response (Doc. 30) on March 7, 2023. For reasons stated below, Defendant's Motion to Dismiss Indictment pursuant to the Second Amendment (Doc. 20) is **DENIED**.

**PROCEDURAL HISTORY**

The first iteration of this case, United States v. Palmore, 7:21-CR-52-WLS-TQL-1, was dismissed without prejudice on January 17, 2023. (*7:21-CR-52*, Doc. 49). The Government reindicted Defendant Palmore on January 11, 2023, in the above-styled case. Like the first case (7:21-CR-52), the one-count Indictment in the instant case charged Defendant Palmore with Count One, Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1). Thereafter, Defendant was arraigned before United States Magistrate Judge Thomas Q. Langstaff on January 24, 2023, and Defendant was out on bond. (Docs. 8 & 13).

Subsequently, Defendant filed the Motion to Dismiss Indictment pursuant to Second Amendment (Doc. 20) on February 21, 2023. On March 7, 2023, the Government filed a Response (Doc. 30), opposing Defendant's Motion. Both Parties requested the Court to consider their arguments in these briefs without a hearing or oral arguments.

1

## **PARTIES' ARGUMENTS**

Defendant requests the Court to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b), arguing that Section 922(g)(1) is unconstitutional based on the United States Supreme Court's recent decision in New York State Rifle & Pistol Association v. Bruen, 142 S. Ct. 2111 (2022). (Doc. 20, at 1). Defendant first argues that Section 922(g) "contravenes" the plain text of the Second Amendment because the Second Amendment provides for the "right of the people to keep and bear Arms," and "the people" does not exclude felons. (Doc. 20, at 2). Next, Defendant argues that according to Bruen, "to keep and bear arms" include carrying a firearm "both inside and in public." (*Id.*) Here, Defendant argues that the firearm at issue was "located at Defendant's home," to essentially contend that keeping that firearm at his residence was permissible. (*Id.*) Third, Defendant argues that tradition or historical records show that firearms by felons were not proscribed until the twentieth century. (*Id.* at 3). Lastly, Defendant argues that the holding of the Eleventh Circuit's Rozier is unconstitutional because its decision was based on the type of means-end analysis, which was explicitly rejected by Bruen; thus, Defendant argues that Rozier "no longer bind[s] this Court." (*Id.* at 3–4) (citing to *United States v. Rozier*, 598 F.3d 769, 770–71 (11th Cir. 2010).

Conversely, the Government contends that the Eleventh Circuit's Rozier was not overruled by the Supreme Court or by the Eleventh Circuit sitting *en banc*. (Doc. 30, at 1). As to Defendant's argument about Bruen's rejection of the means-end analysis, the Government argues that Rozier did not use that analysis, and the Eleventh Circuit only adopted the means-end analysis about two years after Rozier was decided. (*Id.* at 7). Thus, the Government contends that because Rozier's holding did not depend on nor use the means-ends analysis to hold that Section 922 was consistent with the Second Amendment, Bruen does not abrogate Rozier. (*Id.*) The Government further argues that the Supreme Court made clear in Bruen that felon-dispossession statutes are lawful under the Second Amendment and that the Second Amendment protects only the rights of "law-abiding citizens," which "necessarily excludes convicted felons." (*Id.* at 1–2). Additionally, the Government contends that historical records show that there was a "robust tradition of legislatures prohibiting certain groups from possessing firearms." (*Id.* at 2).

**DISCUSSION**

The Court agrees with the Government and finds that Bruen does not abrogate or weaken the Eleventh Circuit's Rozier decision.

## I. The Eleventh Circuit's *Rozier* Decision Substantially Relied on *Heller* and Did Not Use the Means-End Analysis, Which Was Recently Rejected by the Supreme Court in *Bruen.*

The defendant in Rozier was similar to Defendant Palmore in the above-styled case in that the Rozier defendant was also convicted under Section 922(g)(1) for possession of a firearm. *Rozier*, 598 F.3d at 769. The Rozier defendant relied on the Supreme Court's ruling in District of Columbia v. Heller, 554 U.S. 570 (2008), which held that the Second Amendment conferred an individual right to keep and bear arms, to appeal his conviction and sentence under Section 922(g)(1). *Rozier*, 598 F.3d at 769.

In Heller, the District of Columbia generally prohibited the possession of hand guns, and it was a crime to carry an unregistered firearm; however, the registration of handguns was prohibited. *Heller*, 554 U.S. at 574. Heller was a law enforcement officer in the District of Columbia and was allowed to carry a handgun while on duty. *Id.* He wanted to keep a handgun at his home, so he applied for a registration certificate, which the District refused. *Id.* The Supreme Court ultimately held that the District's ban on handgun possession by law-abiding citizens in their own homes was an unconstitutional infringement of the Second Amendment. *Id.* at 626–29.

Relying on Heller, the defendant in Rozier argued that he was also merely keeping his firearm in his home for self-defense. *Rozier*, 598 F.3d at 770. However, the Eleventh Circuit held that the motive behind the defendant's possession of the handgun in his home was irrelevant because the Supreme Court made clear in Heller that "nothing in [Heller] should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Rozier*, 598 F.3d at 771 (citing *Heller*, 554 U.S. at 626–27). Thus, the Eleventh Circuit ruled in Rozier that Section 922 does not offend the Second Amendment because it recognizes a "presumptively lawful longstanding prohibition." *Id.* In reaching its decision in Rozier, the Eleventh Circuit relied substantially on Heller and did not use the means-end analysis. True, the Eleventh Circuit later adopted a two-step framework analyzing the

Second Amendment challenges to firearm regulations, but it did so after Rozier was decided. *See, e.g., GeorgiaCarry.Org, Inc. v Georgia*, 687 F.3d 1244, 1260 n.34 (11th Cir. 2012).

The first step of the two-step inquiry asks if the restricted activity is protected from the Second Amendment in the first place. *GeorgiaCarry.Org, Inc.*, 687 F.3d at 1260 n.34. If it does not, the inquiry is complete. *Id.* (citing to *United States v. Marzzarella*, 614 F.3d 85, 89 (3d Cir. 2010)). However, if the answer is yes, the second step requires evaluating the regulation under some form of means-end scrutiny, which involves weighing the burden on the Second Amendment right against the Government's interest in regulating the conduct. *Id.* This means-end analysis, however, was rejected by the Supreme Court in Bruen in 2022. *Bruen*, 142 S. Ct. at 2127.

## II. *Bruen*'s New Method to Analyze Second Amendment Challenges to Firearm Regulations Does Not Conflict with nor Weaken *Rozier*.

The Supreme Court in Bruen determined that the second step—the means-end scrutiny—should not be applied in the Second Amendment context. *Bruen*, 142 S. Ct. at 2127. The Supreme Court first explained that Heller's holding that the Second Amendment protects an individual right to keep and bear arms was reached by assessing the "normal and ordinary meaning" of the Second Amendment. *Id.* The two-step framework was something the Courts of Appeals developed after Heller, and the Supreme Court rejected the means-end analysis because it was not supported by Heller as Heller did not invoke any means-end test such as strict or intermediate scrutiny. *Id.* 2126–27, 29.

Accordingly, the Supreme Court provided a new standard for analyzing the Second Amendment challenges to firearm regulation that focuses on constitutional text and history. *Id.* at 2128–29. That is, if Second Amendment's plain text covers an individual's conduct, "the Constitution presumptively protects that conduct." *Id.* at 2130.

In addition, Bruen is consistent with one of critical takeaways from Heller, which is that "nothing in [the Supreme Court's] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring); *Id.* at 2157 (Alito, J., concurring) ("Nor have we disturbed anything that we said in Heller or McDonald v. Chicago, . . . about restrictions that may be imposed on the possession or carrying of guns.") (internal citations omitted); *Rozier*, 598

4

F.3d at 771 ("This language [from Heller] suggests that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment."). The Second Amendment right permits law-abiding, responsible citizens with ordinary self-defense needs to exercise their rights to keep and bear arms. *Bruen*, 142 S. Ct. at 2156; *Rozier*, 598 F.3d at 770. Here, Defendant Palmore, a felon, does not qualify as a law-abiding citizen.

As noted above, Rozier did not utilize the means-end analysis that has been rejected by the Supreme Court. *See Rozier*, 598 F.3d at 770–71. Consequently, nothing in Bruen "undermine[s]" the Eleventh Circuit's Rozier decision "to the point of abrogation," as argued by Defendant. (Doc. 20, at 4). If anything, the Court finds Rozier is consistent with and supported by Bruen. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008); *Garrett v. Bd. of Trustees*, 344 F.3d 1288, 1292 (11th Cir. 2003) (finding that the Eleventh Circuit's precedents are not abrogated unless and until subsequent Supreme Court decision or *en banc* decision directly conflicts with the holding of the prior panel). Therefore, the Court finds that Section 922 is not unconstitutional for the reasons asserted by Defendant.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss Indictment pursuant to Second Amendment (Doc. 20) is **DENIED**.

**SO ORDERED**, this  16th  day of June 2023.

                                            **/s/ W. Louis Sands**
                                            **W. LOUIS SANDS, SR. JUDGE**
                                            **UNITED STATES DISTRICT COURT**