**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Case No.: 7:23-cr-3 (WLS-TQL-1) |
| ROGER BERNARD PALMORE, JR., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Indictment in accordance with Speedy Trial (Doc. 22), filed on February 21, 2023. Thereafter, the Government timely filed its Response (Doc. 29) on March 7, 2023. For reasons stated below, Defendant's Motion to Dismiss Indictment (Doc. 22) is **DENIED**.

## PROCEDURAL HISTORY

The first iteration of this case, United States v. Palmore, 7:21-CR-52-WLS-TQL-1 ("First Palmore Case"), was dismissed without prejudice on January 17, 2023. (First Palmore Case, Doc. 49). In the First Palmore Case, Defendant was indicted on November 16, 2021, and he was charged with Possession of a Firearm by a Convicted Felon. (Id., Doc. 1). The Government filed a Motion for Speedy Trial on December 14, 2022, and requested the First Palmore Case to be set for trial on January 9, 2023. (Id., Doc. 34). On December 16, 2022, the Government filed its First Motion to Amend/Correct its Motion for Speedy Trial (Id., Doc. 39), explaining that it miscalculated the clock, and the Speedy Trial Act was actually going to expire on December 27, 2022. Defendant filed its Response (Id., Doc. 40) on December 19, 2022, agreeing with the Government that the correct deadline for Speedy

Trial is December 27, 2022. On December 20, 2022, the Court announced that the First Palmore Case would be noticed for trial on January 9, 2023, because a jury could not be drawn or made available on or before December 27, 2022.

A status conference was held on December 30, 2022, and the Court instructed both Parties to inform the Court as to whether Defendant was going to file a motion to dismiss the indictment or accept the plea offer by January 5, 2023. (*Id.*, Doc. 44). On January 5, 2023, Defendant filed the instant Motion to Dismiss the Indictment with Prejudice. (*Id.*, Doc. 46). The following day, January 6, 2023, the Government filed its Response. (*Id.*, Doc. 47). Later that same day, the Court held a hearing on Defendant's Motion to Dismiss Indictment with Prejudice and heard from both Parties. At the hearing, the Parties did not dispute that the deadline per the Speedy Trial Act to try the First Palmore Case had expired on December 27, 2022. The only issue remaining was whether the dismissal of indictment should be with or without prejudice. (*Id.*, Doc. 49). After conducting relevant legal analysis, the Court ultimately dismissed the indictment without prejudice. (*Id.*, Doc. 49, at 3–9).

The Government re-indicted Defendant Palmore on January 11, 2023. *United States v. Palmore*, 7-23-cr-3-WLS-TQL-1 ("Second Palmore Case"). Like the First Palmore Case, the one-count Indictment in this above-styled case also charged Defendant Palmore with Count One, Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1). Thereafter, Defendant was arraigned before United States Magistrate Judge Thomas Q. Langstaff on January 24, 2023, and Defendant was released on bond. (Docs. 8 & 13).

Subsequently, Defendant filed the instant Motion (Doc. 22) on February 21, 2023. On March 7, 2023, the Government filed a Response (Doc. 29), opposing Defendant's

Motion. Both Parties requested the Court to consider their arguments provided in their briefs without a hearing or oral arguments.

## PARTIES' ARGUMENTS

Defendant requests the Court to dismiss the current indictment in this instant case with prejudice because the First Palmore Case should have been dismissed with prejudice. (Doc. 22, at 7). First, Defendant argues that the Court should have dismissed the indictment in the First Palmore Case with prejudice because the Speedy Trial clock had expired. (*Id.* at 2). Defendant argues that the relevant factors[1]—which the Court considered when ruling on Defendant's Motion to Dismiss in the First Palmore Case—in determining whether dismissal may be with or without prejudice weigh in favor of his argument for dismissal with prejudice. (*Id.* at 3). In doing so, Defendant makes the exact same arguments as he did in his Motion to Dismiss Indictment with Prejudice in the First Palmore Case. *Compare* (First Palmore Case, Doc. 46, at 4–8) *with* (Second Palmore Case, Doc. 22, at 3–7).

On the other hand, the Government contends that Defendant does not argue that the Speedy Trial Clock has expired as to <u>this</u> case. (Doc. 29, at 1–2). The Government further notes that Defendant's only reason for asking the Court to dismiss his indictment in this case is because "he believes that the Court's dismissal of [the First Palmore Case] should have been with prejudice." (*Id.* at 2). The Government argues that the Speedy Trial Clock in the instant matter started on January 25, 2023, because he was arraigned on January 24, 2023;

---

[1] The three factors assessed when determining whether to dismiss indictment with or without prejudice are: (1) the seriousness of the offense; (2) the facts and circumstances of the case that led to the dismissal; and (3) the impact of re-prosecution on the administration of the Speedy Trial Act and the administration of justice. *United States v. Knight*, 562 F.3d 1314, 1322 (11th Cir. 2009); 18 U.S.C. § 3162(a)(2). The Court considered arguments made by both Parties as to these factors in making its ruling on Defendant's Motion in the First Palmore Case. (First Palmore Case, Doc. 49).

thus, the clock has not yet expired. (*Id.* at 3). The Government also contends that this Court is not the proper or correct forum to challenge the Court's decision to dismiss indictment without prejudice in the First Palmore Case. Moreover, the Government contends that the issue is not yet ripe for adjudication. (*Id.*) The Government further argues that this Court appropriately dismissed the indictment without prejudice in the First Palmore Case and also provides the same arguments as it previously did in the First Palmore Case. *Compare* (First Palmore Case, Doc. 47, at 5–8) *with* (Second Palmore Case, Doc. 29, at 5–11).

## DISCUSSION

Here, the Court finds Defendant's argument that the indictment in this matter should be dismissed with prejudice because he believes the First Palmore Case should have been dismissed with prejudice is meritless.  In support of his argument, Defendant used the exact same arguments that he made in his Motion to Dismiss Indictment with prejudice in the First Palmore case in his Motion in the above-styled case. *Compare* (First Palmore Case, Doc. 46, at 4–8) *with* (Second Palmore Case, Doc. 22, at 3–7). Nothing has changed in facts or circumstances such that the Court finds any amendment to its Order entered in the First Palmore Case is necessary or warranted. Moreover, the Court dismissed the indictment in the First Palmore Case without prejudice only after carefully analyzing and assessing the arguments in view of the circumstances presented by both Parties and after holding a hearing on the Motion. (First Palmore Case, Docs. 48; 49). Thus, the Court finds Defendant's request to dismiss the indictment in this case solely because he believes the first iteration of his case should have been dismissed with prejudice is unpersuasive. Additionally, the Government is correct that the Speedy Trial clock for this matter started on January 25,

2023, and that there has been no violation of the Speedy Trial Act which otherwise warrants dismissal of the indictment in this case at this time.

Next, as the Government correctly points out, this Court is not the proper forum for Defendant to appeal this Court's decision on Defendant's Motion from the First Palmore Case. Generally, the Eleventh Circuit has jurisdiction of appeals of the district courts of the United States. 28 U.S.C. § 1291. Importantly, however, the Eleventh Circuit has jurisdiction of appeals only over <u>final decisions</u> of the district court. *Id.* The term "final decision" covers any order by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Hall v. Hall*, 138 S. Ct. 1118, 1124 (2018). Here, the Court's Order denying Defendant's Motion to Dismiss Indictment with prejudice is not an appealable order. The Eleventh Circuit has held that a district court's order dismissing the first indictment, when viewed together with the Government's continued prosecution of that same case, is not a final order. *United States v. Kelly*, 849 F.2d 1395, 1397 (11th Cir. 1988). This is because "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Id.* (citing *Parr v. United States*, 351 U.S. 513, (1956)). Accordingly, it is well settled that an order dismissing an indictment without prejudice is not a final judgment under Section 1291 and therefore is not immediately reviewable. *Id.* Thus, Defendant Palmore's challenge to the dismissal of his indictment without prejudice in the First Palmore Case must wait until after any conviction. *Id.* To the extent, if any, this Court can re-consider or alter its prior order, the same is **DENIED** for the reasons stated above.

## **CONCLUSION**

For the aforementioned reasons, Defendant's Motion to Dismiss Indictment with prejudice (Doc. 22) is **DENIED**.


**SO ORDERED**, this __13th__ day of July 2023.


/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

6